ORDER
HACKNEY, JUDGE:
An application of the claimant, Dennis E. Gilmore, for an award under the West Virginia Crime Victims Compensation Act, was filed March 23,2007. The report of the Claim Investigator, filed September 13, 2007, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on November 6,2007, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed November 21, 2007. This matter came on for hearing June 11,2008, the claimant appearing in person, and the State of West Virginia by counsel, Benjamin F. Yancey, III, Assistant Attorney General.
On March 18,2006, the fifty-four-year-old claimant was the victim of criminally injurious conduct at his residence in Bancroft, Putnam County. On the evening in question, the claimant was involved in an altercation with his neighbor, Jerry Rhodes (“Mr. Rhodes”), and Mr. Rhodes’ guest, Harold Cochran (“Mr. Cochran”). Prior to the dispute, the claimant and his daughter were inside their trailer when they heard the sound of an engine revving up in their driveway. The claimant looked out the window and noticed that a vehicle was backing up in his driveway and was almost touching his trailer. The claimant did not know who was in the vehicle, but he later discovered that Mr. Cochran and his girlfriend were guests at Mr. Rhodes’ home. The claimant testified that he had problems getting along with Mr. Rhodes prior to this incident.
As Mr. Cochran and his girlfriend were leaving the claimant’s driveway in their vehicle, the claimant went outside and told them not to trespass onto his property. Then, Mr. Cochran exited his vehicle and proceeded to walk up the claimant’s driveway with Mr. Rhodes. The claimant testified that both men had been drinking. Although the claimant and his daughter, Jessica Gilmore, requested that the men leave, they refused. Then, the claimant grabbed a piece of pipe that was lying against the porch and struck them both one time with the pipe. The offenders then knocked the claimant to the ground and beat him. The claimant’s daughter, who was videotaping the incident, put the camera *346 down to help her father. Then, Mr. Rhodes’ girlfriend contacted the police.
After the incident, the claimant was taken to Putnam General Hospital where he was treated for a contusion of his hand. The claimant seeks to recover for the hospital bills as a result of this incident.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant was not an innocent victim of crime. W.Va. Code § 14-2A-3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant... that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct, has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained...”
The Claim Investigator’s original finding was that the claimant was guilty of contributory misconduct within the meaning of the statute. The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that he was not guilty of contributory misconduct. At the hearing, the claimant submitted the videotape that his daughter took of the incident. The Court, after examining the events which occurred prior to the altercation, finds that Mr. Cochran and his girlfriend were leaving the claimant’s property when the claimant went outside to confront them. The Court opines that the altercation could have been avoided if the claimant would have retreated or called the police. The Court is constrained by the evidence to uphold its previous ruling; therefore, this claim must be, and is hereby, denied